IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MATTHEW G. THOMAS                                                 PLAINTIFF

V.                CIVIL NO. 2:19-cv-2029-MEF

ANDREW M. SAUL, Commissioner
Social Security Administration                                       DEFENDANT

## **FINAL JUDGMENT**

This cause is before the Court on the Plaintiff's complaint for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration denying his claims for disability benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c). The Court, having reviewed the administrative record, the briefs of the parties, the applicable law, and the parties having waived oral argument, finds as follows, to-wit:

Consistent with the Court's ruling from the bench on January 21, 2020, the decision of the Commissioner of Social Security is reversed and remanded for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

The Court does not find substantial evidence to support the ALJ's RFC determination in this case. Plaintiff suffers from several severe mental impairments, including bipolar I disorder, which have necessitated multiple psychiatric hospitalizations during the relevant time period. The record also indicates that the Plaintiff has had difficulty managing his medications. And, although the Court agrees there are times during which Plaintiff did not take his medication as directed, federal courts have recognized a mentally ill person's noncompliance with psychiatric medications can be, and usually is, the result of the mental impairment itself and, therefore, neither willful nor

without a justifiable excuse. Thus, while there may be substantial evidence to show Plaintiff knew he needed to take his medication correctly, this evidence does not resolve the relevant question of whether his failure to follow the prescribed treatment was a manifestation of his bipolar I disorder. Accordingly, remand is necessary to determine the relationship between Plaintiff's medication noncompliance and his bipolar disorder.

The Court also acknowledges there are some shortcomings with Dr. Williams' opinion. On a checkbox form and without further explanation, Dr. Williams indicated Plaintiff experienced impaired performance for 5-10% of the workday and would miss four days of work per month. As the only opinion in the record from an examining mental source regarding Plaintiff's ability to work, we find Dr. Williams' assessment also requires further development. Therefore, on remand, the ALJ is further directed to recontact Dr. Williams for a more thorough RFC assessment.

Lastly, the ALJ determined Plaintiff's epilepsy was a severe impairment and placed limitations in the RFC determination, but he did not address his alleged hand tremors specifically. There is evidence in the record that the tremors are due to the sudden cessation of Depakote. Plaintiff's treating neurologist, Dr. Belinga, submitted a seizure disorder report discussing details about his seizures, but it did not address Plaintiff's tremors or provide an RFC assessment. Thus, on remand, the Court also directs the ALJ to recontact Dr. Belinga asking him to provide an opinion as to Plaintiff's functional limitations due to his epilepsy and tremors.

IT IS SO ORDERED AND ADJUDGED on this the 21st day of January 2020.

/s/ Mark E. Ford
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE